**UNITED STATES of America ex rel. John HUSSEY, Relator-Appellant,**

v.

**J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 773, Docket 34200.**

United States Court of Appeals, Second Circuit.

Argued May 14, 1970.

Decided June 24, 1970.

John R. Hupper, New York City (Leonard P. Novello, New York City, on the brief), for relator-appellant.

A. Seth Greenwald, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and McLEAN, District Judge.*

PER CURIAM:

Relator John Hussey and two companions, Benny Calcione and Eugene Bogart, were indicted in Kings County for first degree murder committed in the course of escaping from a robbery in July 1949. The court appointed three lawyers to represent Hussey and set the case down for trial to begin on January 16, 1950. Prior to that date, Hussey's lawyers conferred with Samuel Bader, an experienced criminal lawyer, who had

---

* Of the Southern District of New York, sitting by designation.

been appointed to represent Calcione. On January 16, 1950, the court appointed Bader as a fourth lawyer to represent Hussey and severed Hussey's case from that of his co-defendants.

The request of Hussey's attorneys for a postponement of the trial was denied to the extent that the court proceeded with the selection of a jury. After the jury had been selected, however, the court adjourned the trial until January 23, 1950. The trial proceeded on that date. Hussey took the witness stand and confessed that he had shot and killed the victim. Four eyewitnesses also testified to the crime. Hussey was convicted, but the jury recommended life imprisonment. The court accepted the recommendation and sentenced Hussey accordingly. Hussey took an appeal but did not prosecute it.

Some seventeen years later, in 1967, Hussey filed a petition for a writ of *coram nobis* in the Supreme Court, Kings County. He contended that his constitutional rights under the Sixth and Fourteenth Amendments to the effective assistance of counsel had been violated because (1) Bader, who also represented Calcione, was in a position of conflict of interest; (2) relator's request for an adjournment before selecting a jury had been denied.

The Supreme Court held an evidentiary hearing at which Hussey, Bader and another of Hussey's lawyers, Belson, testified. Upon the testimony thus adduced, the court made findings of fact and conclusions of law and denied the application. This decision was affirmed by the Appellate Division. Leave to appeal to the Court of Appeals was denied in September 1968.

Hussey thereafter filed the present petition for a writ of habeas corpus on the same grounds. Judge Bartels concluded on the basis of the state record that Hussey had been afforded a full and fair evidentiary hearing in the state court and that no further hearing was necessary. On the merits he reached the same conclusion as the state court and accordingly he denied the application. United States ex rel. Hussey v. LaVallee, 302 F.Supp. 305 (E.D.N.Y. 1969).

■ We agree with the district court that the state court record was adequate and hence no federal evidentiary hearing was required under the rule of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We also agree that each of relator's contentions is without merit. Consequently we affirm the order of the district court.

As to Bader's supposed conflict of interest, this court has recently held in United States v. Lovano, 420 F.2d 769, 773 (2d Cir. 1970) that:

"The rule in this circuit is that some specific instance of prejudice, some real conflict of interest, resulting from a joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel."

■ No "specific instance of prejudice" rising above the level of pure conjecture has been shown here. There was no doubt whatever that Hussey had fired the fatal shot. His four attorneys agreed that his best course was to be completely frank with the jury in the hope of saving his life. This strategy proved to be successful. Calcione was not called as a witness. It is hard to see how, if he had been called, his testimony could have helped Hussey. It is just as probable that it would have hurt him in his effort to appeal to the jury's compassion. In any event, the effect of any testimony that Calcione might have given is at best a matter of speculation.

The same can be said of the fact that Hussey's attorneys did not oppose the severance. How a joint trial of Hussey and Calcione could have benefited Hussey under the circumstances has not been demonstrated.

Bader was not Hussey's only lawyer. He had three others. Apparently Bader was the most experienced, hence the others desired his assistance. The fact remains, however, that all four shared the responsibility for Hussey's defense.

They all agreed on how the trial was to be handled. We perceive no reason to believe that the fact that Bader also represented Calcione made the slightest difference in the outcome of Hussey's case.

 As to the trial court's refusal to postpone the selection of a jury, this was a matter within the court's discretion. There is nothing to show that the court abused its discretion to the point of depriving Hussey of the effective assistance of counsel. Hussey's three attorneys other than Bader had had over four months in which to familiarize themselves with the case. Bader himself, by virtue of his representation of Calcione, was familiar with it. These lawyers were sufficiently prepared to select a jury and, as events turned out, they succeeded in selecting one which returned the most favorable verdict which Hussey could have hoped for.

We are grateful to John R. Hupper, Esq., appellant's court-appointed counsel in this case, for his excellent brief and able oral argument on appellant's behalf.

The order is affirmed.